IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **EMANUEL BROOKS, #B-90011,** )<br>)<br>   **Plaintiff,** )<br>)<br>   vs. )<br>)<br>**LT MICH, KENNETH DONNALS, and** )<br>**KIM BUTLER,** )<br>)<br>   **Defendants.** ) | **CIVIL NO. 16-cv-00818-MJR** |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

This case is now before the Court for a preliminary review of Plaintiff Emanuel Brooks's complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief
>   may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from
>   such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon review of the complaint, the Court finds that Brooks has not provided enough information for the Court to commence with an adequate review, and thus the complaint is being dismissed with an opportunity to amend.

In his one-page complaint, Brooks makes numerous broad legal allegations that he associates with September 24, 2015, at 9 a.m. at the Menard Correctional Center (Doc. 1 at 5). Specifically he mentions a failure to protect and deliberate indifference. He also lists the names of the three defendants, Lt. Mich, Kenneth Donnals, and Kim Butler (*Id.*). However, he does not provide any facts tending to show a connection between the named defendants and the proffered legal theories (*Id.*). In addition to the brief written statement of his claim, Brooks appended a handful of grievances to his complaint, purporting to support his allegations of failure to protect and deliberate indifference (Doc. 1 at 7-9). In connection with his claims, Brooks seeks monetary compensation and screening for H.I.V. or hepatitis C (Doc. 1 at 6).

## Discussion

Throughout the complaint, Brooks fails to allege any facts or state any claim explicitly linking the named defendants to the two harms he identifies. The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe their complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under FED. R. CIV. P. 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1014 (7th Cir. 2000) (notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery).

According to the Supreme Court, the threshold pleading requirement of FEDERAL RULE OF CIVIL PROCEDURE 8 requires a complaint allege "enough facts to state a claim to relief that is *plausible* on its face" in order to survive a Rule 12(b)(6) Motion to Dismiss for failure to state a

claim for which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (1955). (clarifying that a "heightened fact pleading of specifics" is not required) (emphasis added). In other words, the Supreme Court explained it was "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'" by providing "more than labels and conclusions," because "a formulaic recitation of the elements of a cause of action will not do . . . ." *Id*. at 555 (alteration in original). The plaintiff must plead factual allegations which show the right to relief exists beyond mere speculation by "rais[ing] a *reasonable expectation* that discovery will reveal evidence" to substantiate the plaintiff's claims. *Id*. Thus, the Seventh Circuit has interpreted *Bell* as imposing a two-tiered requirement for a complaint to survive a Rule 12(b)(6) motion: (1) it "must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests," and (2) the "allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell*, 550 U.S. at 573). Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.")

Brooks's complaint contains minimal factual information with regard to two potential harms of failure to protect and deliberate indifference. None of the named defendants are tied to these claims with particularity. As a general rule, section 1983 creates a cause of action based on personal liability, so to plead a claim under section 1983 a plaintiff must identify actions by an individual that violate his constitutional rights. *See Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) ("to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation"). Though Brooks *may* be able to tie

specific defendants to specific conduct that caused him harm, he simply has not done so in his initial complaint as drafted. Accordingly, Brooks's complaint is subject to dismissal. Rather than dismiss the entire action, however, the Court will allow Brooks an opportunity to correct the deficiencies through an amended complaint. In drafting his amended complaint, should he choose to do so, Brooks should avoid using conclusory language and vague allegations of fact. Rather, he should follow the instructions on the Court's complaint form, which directs a plaintiff to state "when, where, how, and by whom" his rights were violated. While Brooks may attach exhibits to his complaint, he may not rely on exhibits alone to satisfy his obligations; instead, he must include sufficient factual detail in his actual complaint so that defendants can respond.

### Pending Motions

**IT IS HEREBY ORDERED** that Brooks's "Motion for Sentence Reduction" (Doc. 6) is **DENIED** because it is irrelevant to this case. The Motion, filed on a fill-in-the-blank document for *in forma pauperis* status on appeal, does not appear to pertain to this case. In any event, Brooks has already been granted IFP status before the Court for this matter, and there was no appealable order at the time he filed the Motion, so the Motion was irrelevant and moot. Likewise, Brooks's second Motion to Proceed IFP (Doc. 8) is hereby **DENIED** because it is duplicative. Brooks was already granted leave to proceed IFP, thus he need not continue to file documents addressing this issue.

**IF IS FURTHER ORDERED** that Brooks's "Motion to Submit Exhibits" (Doc. 9) is hereby **DENIED** as moot in light of the total dismissal of his complaint. Brooks may append these exhibits to his amended complaint if he chooses to file one.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

Brooks is **GRANTED** leave to file his "First Amended Complaint" within twenty-eight days (on or before October 20, 2016). Should Brooks fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to state a claim upon which relief may be granted. *See* FED. R. CIV. P. 41(b). *See also Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A. Further, the dismissal shall count as one of Plaintiff's allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Should Plaintiff decide to file an amended complaint, it is strongly recommended that he use the forms designed for such use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action. The amended complaint shall present each claim in a separate count, and each count shall specify, by name, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should include only related claims in his new complaint. Claims found to be unrelated to one another will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.

To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the "First Amended Complaint" must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the amended pleading. The "First Amended Complaint" is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file an amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 22, 2016**

        **s/ MICHAEL J. REAGAN**

        **U.S. District Judge**