IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **EMANUEL O BROOKS, # B-90011,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**KIMBERLY BUTLER,** )<br>**KENNETH DONNALS, and** )<br>**Lt. MICH,** )<br>)<br>)<br>**Defendants.** ) | Case No. 16-cv-0818-MJR |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff, currently incarcerated at Jacksonville Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The harms Plaintiff Brooks complains of occurred while he was incarcerated at Menard Correctional Center ("Menard"). Brooks alleges that the Defendants failed to protect him from attack by a former cellmate, and failed to appropriately respond to his grievance about the attack in violation of the Eighth Amendment. In connection with his claims, Brooks specifically names Defendants Lt. Mich, Kenneth Donnals (officer), and Kim Butler (warden). Brooks seeks monetary compensation, and injunctive relief. The operative pleading before the Court is Brooks's First Amended Complaint (Doc. 12), which he filed in a timely fashion after this Court dismissed his initial complaint for failure to tie the allegations in the complaint to specific defendants. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the

complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that some of Plaintiff's claims survive threshold review under § 1915A.

### The Complaint

On September 24, 2015, Brooks was awakened by his cellmate, D. Sankey, slamming things around the cell (Doc. 12 at 6). Neighboring inmates asked Sankey to quiet down, which resulted in the exchange of foul language (*Id.*). Sankey's conduct gave Brooks cause for concern, so he wrote on a slip of paper that he was in fear for his safety and attempted to pass the slip thru the cell door to on-duty officer, Kenneth Donnals (*Id.*). Donnals told him to give the slip to Officer Mich on his way to the chow line (*Id.*).

Brooks followed the instructions to give the slip to Mich and was met with mockery (*Id.*). Mich allegedly took the slip and read it aloud, falsely stating that it said Brooks's cellie was raping him (*Id.*). Upon returning from morning chow, Brooks again inquired with Mich about his fear of Sankey and was told to just go to his cell (*Id.*). Brooks followed the direction (*Id.* at 7). A short while later Defendant Donnals locked Sankey and Brooks in their cell and took their identification cards (*Id.*).

Donnals's conduct apparently angered Sankey, who in turn started beating Brooks with a fan. Brooks managed to get the fan away, but Sankey then procured a razor, got Brooks on the floor, and began cutting him. Neighboring cellies yelled for help to no avail. Sankey eventually tired of beating Brooks (*Id.*). A few hours later Defendant Donnals reported to the cell to check on Brooks and Sankey per a tip from an unknown individual (*Id.*). Donnals discovered that Brooks and Sankey were bloody (*Id.*).

Brooks was sent to the medical unit for care (*Id.*). Medical notes, dated September 24, 2015, reflect injuries to Brooks and note that some were possibly due to a razor (*Id.* at 12-13). The notes recommend certain blood tests at 3, 6, and 9 months after the fight (*Id.*). Test results are appended for approximately the 3 and 6 month mark after the fight, but there is nothing for the 9 month mark (*Id.* at 10-12).

A disciplinary report reflects that Brooks received a ticket for fighting on September 24, 2015 (*Id.* at 9). Brooks contested the circumstances that led to the fight via grievance (*Id.* at 10). And a grievance officer's report, signed by Defendant Butler, rejected any appeal of the disciplinary ticket (*Id.* at 11).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Eighth Amendment failure to protect claim against Defendant Donnals for failing to act upon Brooks's statement that he feared for his safety;
>
> **Count 2:** Eighth Amendment failure to protect claim against Defendant Mich for failing to act upon Brooks's statement that he feared for his safety;
>
> **Count 3:** Eighth and Fourteenth Amendment violations by Defendant Butler for failing to act or to thoroughly investigate Brooks's grievance regarding the incident between he and inmate Sankey.

For the reasons set forth below, Counts 1 and 2 shall be allowed to proceed, and Count 3 shall be dismissed without prejudice.

**Count 1 – Failure to Protect by Defendant Donnals**

The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. U.S. CONST., amend. VIII; *see also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Prison conditions that deprive inmates of basic human needs, such as inadequate nutrition, health, or safety, may constitute cruel and unusual punishment. *Rhodes v.*

*Chapman*, 452 U.S. 337, 346 (1981); s*ee also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992).  In *Farmer v. Brennan*, 511 U.S. 825, 833 (1994), the United States Supreme Court held that "prison officials have a duty…to protect prisoners from violence at the hands of other prisoners."  Not every risk of harm gives rise to a constitutional liability to protect.  *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2011).  Plaintiff must make a two-part showing: (1) that there was a serious risk of peril; and, (2) that the liable individual easily could have done something to avert the risk, but did not do so.  *Id.*  A risk of harm is only serious if there is a strong likelihood that, absent action, harm will occur.  *Id.*

In *Shields v. Dart*, the Seventh Circuit noted that a general risk of violence in a maximum security unit of a prison does not constitute a substantial risk of harm absent any additional evidence that the complaining party was in harm's way.  664 F.3d 178, 181 (7th Cir. 2011).  In *Shields*, the plaintiff (a county jail inmate) was housed on a cell block with offenders known for having weapons, he notified guards of potential weapons (though a search of cells did not reveal any), a guard made a false comment about his gang allegiance, and he was subsequently attacked with a homemade shank.  *Id.*  The Seventh Circuit upheld summary judgment in favor of the defendants, finding that the plaintiff did not show a risk of harm on the cell block, aside from his own attack, that put the guards on notice of a substantial risk of harm against him.  *Id.*  Thus, the Court concluded that Shields failed to show that there was a substantial risk of injury to him. *Id.*

Not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for inmate safety.  *Farmer*, 511 U.S. at 834.  A plaintiff must also prove that prison officials were aware of a specific, impending, and substantial threat to his safety.  *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996) (noting that a jury was entitled to rely on evidence that a captain knew of a risk to an inmate and a pending transfer request, but failed to

act on the request in finding that the captain failed to protect the inmate). Additionally, a defendant's willingness to take affirmative steps to stop a dangerous situation is relevant to whether that defendant showed deliberate indifference. *See Shields*, 664 F.3d at 181 (noting that a guard was not required to personally intervene in a fight, and could take sufficient action by calling for back up).

Here, Brooks has alleged that he personally notified Defendant Donnals of the fear he was in due to his cellmate's erratic behavior. He claims that he attempted to get Donnals's attention via written correspondence and verbal pleas. Based on this express warning, and the risk of inmate-on-inmate violence, Brooks's claim will be allowed to proceed against Donnals for development of a more comprehensive factual record.

### Count 2 – Failure to Protect by Defendant Mich

The legal standards set forth in Count 1 are also applicable to Count 2. Likewise, the legal analysis is the same—Count 2 will be allowed to proceed against Defendant Mich. Brooks alleges that he notified Mich of the danger he was in verbally and via written correspondence. According to Brooks's allegations, rather than taking action, Mich mocked him and read false statements aloud. Count 2 will proceed for further development of a factual record.

### Count 3 – Failure to protect and Fourteenth Amendment Due Process

Supervisory liability does not constitute an independent legal theory under section 1983. *See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). To state a claim against a defendant in their official supervisory capacity, a Plaintiff must allege that the supervisor knew of an underlying wrong and affirmatively assisted in furtherance of that wrong, or deliberately turned a blind eye. *Id.*; *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005). Specifically with regard to a failure to intervene a plaintiff must identify an underlying

constitutional harm that compels a defendant's action, as well as action on behalf of the defendant that demonstrates deliberate or reckless disregard of the plaintiff's constitutional rights. *See Filmore v. Page*, 358 F.3d 496, 506 (7th Cir. 2004).

Here, the Court cannot allow a claim to proceed against Defendant Butler on a theory of failure to protect or failure to intervene because there is no indication that she knew of the threat of a fight between Brooks and Sankey before the fight took place. Once she learned of the tension between these two inmates, it does not appear that she failed to provide future protection for Brooks as there were no later fights between the two inmates. Thus, Brooks has not stated a claim against Butler for failure to protect or intervene.

Turning to a potential Fourteenth Amendment Due Process claim for failing to respond to a grievance, prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause *per se*. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Put differently, the fact that a defendant may have ignored a plaintiff's grievance does not give rise to a due process claim against him or her. Brooks does not allege that Butler participated in the underlying conduct—the fight or the failure to prevent it—and there is no specific liberty interest in the grievance process, so she cannot be held liable for a failure to respond. *Id.* Accordingly, **Count 3** fails and shall be dismissed without prejudice.

To the extent that Brooks wishes to assert a claim against any other defendant, he shall not be allowed to do so because he has not identified any specific actions sufficient to state a claim. He makes a few bald assertions in his complaint, alleging deliberate indifference by "Menard Medical Staff," but these assertions are not sufficient because they do not identify

particular conduct or a violative custom or policy that Brooks claims harmed him.

**Pending Motions**

Brooks's Motion to Submit Exhibits in Support of his Motion to Reconsider Sentence is hereby DENIED because the Court already denied his Motion to Reconsider Sentence as irrelevant to this section 1983 litigation (Doc. 11).

**Disposition**

It is hereby ordered that **Count 3** against Defendant Butler is **DISMISSED** from this action without prejudice.

**Counts 1 and 2** shall proceed against Defendants **DONNALS and MICH,** respectively. The Clerk of Court shall prepare for Defendants **DONNALS** and **MICH**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

IT IS SO ORDERED.

DATED:  December 6, 2016

<u>s/ MICHAEL J. REAGAN</u>
MICHAEL J. REAGAN
**Chief District Judge**
